## Layne v. Phillips

*S. Kohn*, for plaintiff.

*A. W. A. Cowan*, for respondent.

OLIVER, P. J., December 26, 1947.—Plaintiff filed a complaint in assumpsit in which he alleged that, on or about August 24, 1945, plaintiff artist and defendant theatrical agent entered into a written contract (Exhibit A) by the terms of which defendant was to receive 10 percent of the gross earnings of plaintiff for a period of three years, in return for which defendant agreed to act as plaintiff's sole and exclusive representative and advisor in the entertainment industry throughout the world and guaranteed to plaintiff 40 weeks' work at a minimum salary of $150 per week for the first year, and $200 per week for the second year. Nothing was said in the written contract as to salary during the third year. But plaintiff alleged that, at and immediately subsequent to the time the written contract was executed, plaintiff and defendant entered into a further oral agreement whereby defendant agreed to provide plaintiff with 40 weeks' work during the third year at a minimum salary of $200 per week. It was further alleged that about April 1, 1947, defendant orally informed plaintiff that he would

assume no further obligations under the contract, although plaintiff was ready and willing to continue.

Defendant filed preliminary objections on the grounds that complaint failed to attach a copy of the American Guild of Variety Artists Exclusive Agency Contract, incorporated by reference in the original agreement, and did not contain the terms of the entire contract on which plaintiff relied for his claim. As a result, plaintiff filed an amended complaint attaching thereto the AGVA authorization as Exhibit B.

Defendant now files a number of additional preliminary objections to the amended complaint, all of which could have been raised in the first instance. This is not permitted under the new Pennsylvania Rules of Civil Procedure. "All preliminary objections shall be raised at one time. They may be inconsistent. Two or more preliminary objections may be raised in one pleading": Rule 1028(*b*).

"The requirement that the defendant *must* raise every possible preliminary objection at one time, under penalty of a waiver of certain types of objections not so raised, is essential to the scheme of these Rules. Without it, the restriction to the single dilatory stage would be ineffective": Goodrich-Amram Issue 18, p. 113.

"Dilatory proceedings are to be reduced to the minimum; if any are to be raised, all must be simultaneously raised; everything is pointed toward the earliest arrival at the answer to the merits": Goodrich-Amram, supra, p. 116.

Rule 1032 waives all defenses and objections which are not presented either by preliminary objection, answer or reply, with certain exceptions including "the defense of failure to state a claim upon which relief can be granted, . . ."

"Since there is no waiver, unless the defense or objection is omitted from both the preliminary objection and the answer, the failure to raise the question by preliminary objection will constitute a waiver in itself

only if the objection is one which *must* be raised before the answer to the merits. . . . Taking up the various objections . . . stated in Rule 1017(*b*), the first three—jurisdiction over the person, errors in the form of the complaint, and indefiniteness of the complaint—must be raised preliminarily, and are deemed waived if postponed until the answer to the merits. The fourth —the demurrer—is specifically excluded from waiver in Rule 1032(1)'': Goodrich-Amram, supra, p. 116. Such objections as defendant raises, which fall within the fourth classification, may be raised in his answer.

And now, December 26, 1947, the preliminary objections are dismissed and defendant is required to file an answer on the merits within 15 days from date hereof.